JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.     ED CV 09-01562-SGL(FFMx)                              Date: September 3, 2009

Title:       U.S. BANK NATIONAL ASSOCIATION -v- DOROTEO GONZALEZ, ET AL
===============================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

    Cindy Sasse                                             None Present
    Courtroom Deputy                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                    None present


**PROCEEDINGS:    ORDER REMANDING CASE**

    The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court **REMANDS** this case to San Bernardino Superior Court.

    Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it. <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006).

    Although the Notice of Removal purports to remove the present action on the basis of the Court's federal question jurisdiction, the recitation in the Notice of Removal by defendant regarding the contents of the state-court complaint bears no resemblance to the complaint actually attached to the Notice of Removal, which is a straightforward unlawful detainer action proceeding under state law. Therefore, the Court has no federal question jurisdiction. See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

    There is no evidence that petitioner and respondents are citizens of different states, and the amount in controversy (less than $10,000) does not meet the threshold jurisdictional amount of

MINUTES FORM 90                                         Initials of Deputy Clerk __cls_____
CIVIL -- GEN                                      1

ED CV 09-01562-SGL(FFMx)
U.S. BANK NATIONAL ASSOCIATION v DOROTEO GONZALEZ, ET AL
MINUTE ORDER of September 3, 2009

$75,000 (exclusive of interest and costs), both of which are required to invoke the Court's diversity jurisdiction.  See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).  Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state; here, defendant, who reports her address as the property at issue in this action (located in Ontario, California), is clearly a forum defendant who may not remove a state-court action that does not arise under federal law.  See 28 U.S.C. § 1441(b).

      In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte order summary remand of the action.  See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).  Accordingly, the Court **HEREBY REMANDS** the present action to the San Bernardino Superior Court.

      The Clerk shall close the case.

      **IT IS SO ORDERED.**